TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00082-CR







Carlos Cantu, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 274TH JUDICIAL DISTRICT


NO. 98-204, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING







A jury found appellant Carlos Cantu guilty of murder and two counts of aggravated
assault. See Tex. Penal Code Ann. §§ 19.02, 22.02 (West 1994). The jury assessed punishment at
imprisonment for twenty years and a $5000 fine for the murder, and at imprisonment for fifteen years
for the assaults. We will affirm.

A large group of people, including Roger Lerma, Frank Tello, and Cisco Garcia,
attended a party at appellant's residence in Lockhart on the night of February 20, 1998. Most of the
young men at the party, including appellant, were members of a local gang named La Rosa Negra. 
Vehicles occupied by persons not affiliated with La Rosa Negra drove past appellant's residence
several times during the course of the night. Appellant claimed that these persons threw rocks and
bottles at his house. Members of both groups shouted curses and insults at each other. Eventually,
the vehicles stopped and several occupants got out, among them Henry Silva, Ronnie Valdez, and
Chris Baltierra. 

At this point, there was a flurry of activity in appellant's house. Lerma, who was
armed with a .45 caliber pistol, said, "Let's go down the street and start something." Tello, who had
a .380 caliber pistol, responded, "I'll have your back." Appellant, who claimed at trial that he did
not want trouble, armed himself with a .38 caliber pistol and went outside with Lerma and Tello. 
They were joined by Garcia, who was carrying a shotgun. A witness testified that appellant asked
Tello, "Should I shoot?" Tello answered, "Go for it." The men took up positions on both sides of
the street in front of appellant's residence. More insults and challenges to fight were exchanged
between the rival groups. Then shots were fired from the direction of appellant's house. A bullet
struck Silva, who later died. It is undisputed that appellant, Tello, and Lerma fired their weapons,
and that Lerma fired the fatal shot.

Appellant was convicted for murdering Silva and assaulting Valdez and Baltierra with
a deadly weapon. (1) In three points of error, appellant contends the evidence is legally insufficient to
sustain the verdicts. In determining the legal sufficiency of the evidence to support a criminal
conviction, the question is whether, after viewing all the evidence in the light most favorable to the
verdict, any rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State, 614 S.W.2d
155, 158-59 (Tex. Crim. App. 1981).

The district court authorized appellant's conviction as a party to the murder and as
both the primary actor and a party to the aggravated assaults. See Tex. Penal Code Ann. § 7.02
(West 1994). The court also charged the jury on the law of self-defense, defense of third persons,
and defense of property. See Tex. Penal Code Ann. §§ 9.31, .32, .33, .41, .42 (West 1994 & Supp.
2001). In each point of error, appellant asks: (1) Did appellant fire toward the crowd of people in
the street, or did he fire into the air? (2) Did appellant act as a party? (3) Did appellant act in self-defense?

Appellant admitted firing his pistol twice during the fracas, but insisted that both
shots were fired into the air in an attempt to scare away the hostile group. Another witness testified,
however, that appellant fired once in the direction of Silva, Valdez, and Baltierra. Appellant argues
that the greater weight of the evidence supports the conclusion that he fired both shots into the air,
but the jury was the exclusive judge of the credibility of the witnesses and was free to conclude
otherwise. See Bonham v. State, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984); Castellano v. State,
810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no pet.); Tex. Code Crim. Proc. Ann. art. 38.04
(West 1979). When conducting a legal sufficiency analysis, we resolve all conflicts in the evidence
in favor of the State. (2) State v. Bowden, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982).

Appellant does not question the sufficiency of the evidence to establish that Lerma
either intentionally or knowingly shot Silva, or committed an act clearly dangerous to human life by
shooting at Silva with the intent to cause serious bodily injury. See Tex. Penal Code Ann. §
19.02(b)(1), (2). He urges, however, that the State did not prove that he aided or attempted to aid
Lerma with the intent to promote or assist the commission of the murder. See Tex. Penal Code Ann.
§ 7.02(a)(2).

To establish culpability as a party, the evidence must show that the alleged parties
were acting together, each doing some part in the execution of a common design. Rivera v. State,
990 S.W.2d 882, 887 (Tex. App.--Austin 1999, pet. ref'd). The agreement to act in a common
design may be proved either by direct or circumstantial evidence. Id. In determining whether a
person participated as a party to the commission of an offense, the fact finder may look to events
occurring before, during, and after the offense, and may place reliance on acts showing an
understanding and common design to commit the culpable act. Id. at 887-88. The evidence is
sufficient where the accused is present and encourages the commission of the offense by words or
other agreement. Id. at 888.

Appellant armed himself with a pistol and went outside to confront the rival group
in response to Lerma's call to "go down the street and start something." Appellant knew that both
Lerma and Tello were also armed. Appellant asked Tello if he should shoot and was encouraged to
"go for it." A rational trier of fact could infer from this evidence that appellant, Lerma, and Tello
were acting together pursuant to a common understanding or design to shoot at the other group. A
rational fact-finder could also conclude beyond a reasonable doubt that by shooting at the other
group, appellant aided or attempted to aid Lerma in the commission of the murder and that he did
so with the intent to promote or assist the commission of the offense. 

Valdez and Baltierra each testified that he was placed in fear for his life when the
shooting started. Appellant effectively admitted that this was his intent when he testified that he
fired for the purpose of scaring the members of the rival group. From the evidence summarized
above, a rational trier of fact could find beyond a reasonable doubt that appellant used a deadly
weapon to intentionally threaten Valdez and Baltierra with imminent bodily injury. See Tex. Penal
Code Ann. §§ 22.01(a)(2), .02(a)(2) (West 1994 & Supp. 2001). Alternatively, a rational trier of fact
could find beyond a reasonable doubt that Lerma assaulted Valdez and Baltierra and that appellant
aided him with the requisite intent.

A person is justified in using deadly force against another if, among other things, he
reasonably believes that deadly force is immediately necessary to protect himself against the other's
use or attempted use of unlawful deadly force. Tex. Penal Code Ann. § 9.32(a)(3)(A). There is no
evidence that Silva, Valdez, Baltierra, or any of their companions was armed with a deadly weapon
on the night in question. Even appellant's claim that the rival group threw rocks and bottles was
contradicted by other testimony, including that of police officers who testified that they found no
rocks, bottles, or broken glass outside appellant's house after the shooting. Viewing the evidence
in the light most favorable to the verdicts, a rational trier of fact could find beyond a reasonable
doubt that appellant, Lerma, and Tello were not justified in using deadly force on the night in
question. See Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).


We find the evidence legally sufficient to sustain the jury's verdicts and overrule the
three points of error. The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 29, 2001

Do Not Publish
1. Lerma and Tello were also convicted for these offenses. Their convictions were previously
affirmed by this Court. See Lerma v. State, No. 03-99-00827-CR (Tex. App.--Austin Feb. 15, 2001,
no pet.) (not designated for publication); Tello v. State, No. 03-99-00713-CR (Tex. App.--Austin
Feb. 28, 2001, no pet.) (not designated for publication).
2. Appellant's argument is better suited to a factual sufficiency challenge, one that appellant
expressly disclaims. See Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd untimely filed). 



ed an act clearly dangerous to human life by
shooting at Silva with the intent to cause serious bodily injury. See Tex. Penal Code Ann. §
19.02(b)(1), (2). He urges, however, that the State did not prove that he aided or attempted to aid
Lerma with the intent to promote or assist the commission of the murder. See Tex. Penal Code Ann.
§ 7.02(a)(2).

To establish culpability as a party, the evidence must show that the alleged parties
were acting together, each doing some part in the execution of a common design. Rivera v. State,
990 S.W.2d 882, 887 (Tex. App.--Austin 1999, pet. ref'd). The agreement to act in a common
design may be proved either by direct or circumstantial evidence. Id. In determining whether a
person participated as a party to the commission of an offense, the fact finder may look to events
occurring before, during, and after the offense, and may place reliance on acts showing an
understanding and common design to commit the culpable act. Id. at 887-88. The evidence is
sufficient where the accused is present and encourages the commission of the offense by words or
other agreement. Id. at 888.

Appellant armed himself with a pistol and went outside to confront the rival group
in response to Lerma's call to "go down the street and start something." Appellant knew that both
Lerma and Tello were also armed. Appellant asked Tello if he should shoot and was encouraged to
"go for it." A rational trier of fact could infer from this evidence that appellant, Lerma, and Tello
were acting together pursuant to a common understanding or design to shoot at the other group. A
rational fact-finder could also conclude beyond a reasonable doubt that by shooting at the other
group, appellant aided or attempted to aid Lerma in the commission of the murder and that he did
so with the intent to promote or assist the commission of the offense. 

Valdez and Baltierra each testified that he was placed in fear for his life when the
shooting started. Appellant effectively admitted that this was his intent when he testified that he
fired for the purpose of scaring the members of the rival group. From the evidence summarized
above, a rational trier of fact could find beyond a reasonable doubt that appellant used a deadly
weapon to intentionally threaten Valdez and Baltierra with imminent bodily injury. See Tex. Penal
Code Ann. §§ 22.01(a)(2), .02(a)(2) (West 1994 & Supp. 2001). Alternatively, a rational trier of fact
could find beyond a reasonable doubt that Lerma assaulted Valdez and Baltierra and that appellant
aided him with the requisite intent.

A person is justified in using deadly force against another if, among other things, he
reasonably believes that deadly force is immediately necessary to protect himself against the other's
use or attempted use of unlawful deadly force. Tex. Penal Code Ann. § 9.32(a)(3)(A). There is no
evidence that Silva, Valdez, Baltierra, or any of their companions was armed with a deadly weapon
on the night in question. Even appellant's claim that the rival group threw rocks and bottles was
contradicted by other testimony, including that of police officers who testified that they found no
rocks, bottles, or broken glass outside appellant's house after the shooting. Viewing the evidence
in the light most favorable to the verdicts, a rational trier of fact could find beyond a reasonable
doubt that appellant, Lerma, and Tello were not justified in using deadly force on the night in
question. See Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).


We find the evidence legally sufficient to sustain the jury's verdicts and overrule the
three points of error. The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: June 29, 2001

Do Not Publish
1. Lerma and Tello were also convicted for these offenses. Th